John O'Hanion for the Plaintiff, Karapet Gasparyan. The District Court's order of October 27, 2010, does not comply with the first rule of determining whether the agency's decision was substantially justified. The District Court should first consider whether there were any procedural errors in the ALJ's decision. The Court did not do this, and there were two major procedural errors by the Administrative Law Judge, and they were the first. The second procedural error was the matter of a waiver of a concession of a waiver, which was not a procedural error. The second... The second... Counsel, help me understand, though, you did not meaningfully contest the District Court's tentative decision. I'm sorry. You did not meaningfully contest the District Court's tentative decision. The District Court went out of its way to give you an opportunity to brief the question, correct? So isn't there a waiver or concession here? I didn't proceed because I didn't feel that it would do any good. What ground is there to reverse in light of your concession, if that's a word you would accept? Well, I felt the facts were so clear that they should have been recognized by the District Court. They were not. And even when the Court subsequently defended its position, it still did not recognize any error in its first decision, the denial decision, and it did not comply with the rule of mandate, the law of the case, by the Circuit Court's first decision. It was not impressed with the Circuit Court's position. It seems to me that the District Court judge, for some reason, was blind to these errors, not recognizing them. Well, he kept asking you for help. Why didn't you start off with him saying what you started off saying to us? Your Honor, this was a telephone call conference. We've read the transcript. I'm sorry? We have read the transcript of the hearing. I felt that this judge was just not going to see the points that I had tried to raise, and particularly the procedural errors by the administrative law judge in misunderstanding the meaning of giddiness. That was the most important error in this case, and it was overlooked. The administrative law judge tells the claimant that giddiness means being giddy, happy, euphoric, you know, feeling good, and the claimant is complaining of disabling pain and dizziness to the point that he falls down or is afraid of falling down. And the judge says, well, that's really nothing because I know you're a happy guy. You say you're depressed, but really you're not depressed. And the pain that you complain about, I just don't believe that either. You're not credible. That's where the case was lost. And why the district court did not recognize that, I just do not understand. Well, when it went up to our court when you appealed, that is not what the court focused on. The court, our prior panel focused on the ALJ's duty to follow up on the claims of depression and brain, head injury and the like. That was the principal ground, and that's not a ground that you had argued to the district court, was it? Your Honor, sometimes I did. Is that correct? You did not argue, you didn't raise that theory in the district court. I'm not faulting you for focusing on getting this, but the argument which you think was the most important, but the prior panel of this court thought there was another argument that was even more important, and that's what they granted relief on, isn't it? Well, if I made a mistake in overlooking or not recognizing what was really important or I had different ideas from what the court had, I'm doing my best to tell you what the case is about the way I see it. But what we'd like to know, sir, on this appeal, this appeal is looking at why the government's position was not substantially justified, and you're asking for attorney fees under a statute that says that you get the fees but only if the government's position wasn't substantially justified, and that's what the district court was trying to get help from you on when they had the hearing on these fees. And I don't even remember the giddiness. Maybe you could talk about that with the magistrate judge, but he was, in fact, looking at the decision that our court made as to why your client did get relief. If he got relief from this court, he got sent back to the ALJ. But we don't have anything in the record from you as to why the government's position with respect to that issue that we ruled on was not substantially justified. Well, it was not substantially justified. The Flores case, which is a central district of California Ninth Circuit case, states that the beginning point for the district court in determining whether there's substantial justification is to look at the procedural errors. The district court judge did not do that. There were two major procedural errors. Dealing with the meaning of giddiness, which means dizziness in the medical dictionary, but the judge tells the claimant in the courtroom that it means being happy and not depressed and so on. He went down the wrong road on the facts as a procedural error. You mentioned that. What was the second procedural error? The second one, the claimant is telling the judge in the hearing that he has these severe pain and dizziness spells two or three times a week where he thinks he might fall down, so he has to lay down and rest. And the judge converts that into just not feeling great. And isn't that what the district court agreed with you on? Didn't the district court say that he thought that the ALJ was quite mistaken in that regard? The district court never ruled on that point, did not recognize it, did not look at any procedural errors, none. Well, you're saying it's a procedural error. Absolutely. It sounds like a substantive error that he's... Well, the Forrest case instructs the district court judges to first look at the procedural errors. He didn't do it, and they were substantial and crucial to the decision, and they were not reasonable, and certainly there was no substantial justification for the judge to misrepresent and give the wrong definition for getting this. And then when the claimant is testifying to disabled pain, they tell him, oh, so you're just not feeling great. He dismissed the whole thing. Now, wait a minute. I want to make sure you and I are talking about the same thing. I'm looking at the hearing transcript, page 15, and you say to the court, in this substantially justified issue, I would argue, I don't know whether this argument would fit the particular issue. This is the question I'm asking. The fact that the judge misrepresented in the hearing room the claimant's testimony about the severity of his pain, and the judge on the record interpreted it as meaning that he has some bad days occasionally or something to that effect, is that one of the issues that would fit what you're asking about, about substantial justification, the court? Well, I want to tell you that the ALJ clearly made a mistake there. And you said yes. And I agree with what you're saying about some of his mistakes. You raised it. This is what you had just been talking about with us? Was that your second procedural error that you were talking about with the district court? Yes. Okay. So he did consider it. Well, I must be missing the point. We're both talking about the same things. But what is it that you're asking me on that? Well, sir, you're a lawyer. Yes. You're asking for attorney fees. You're trying to tell us why the government's position wasn't substantially justified. In fairness to the district court and in fairness to this panel, you're not being very helpful in terms of framing the issues under the law. You have told us that the district court made mistakes, didn't follow the law, because it didn't address two procedural errors that you say were procedural errors. One of them, which I'm reading from the transcript, the district court did address. You haven't come in to tell us anything about why he was wrong in that. You told us that he didn't even consider it. Does that answer your question? The district court did not follow the Flores decision. And the Flores decision directed him that when he started to make his investigation of whether or not there was substantial justification, the first thing he should do is look at the procedural errors and resolve that issue. He did not do it, sir. He violated the Flores decision. That is a reversal right there by itself. There were two misunderstandings that this man's dizziness meant happiness. That's another factual error. And one right after that is when the claimant is telling him that he has disabling pain to the point that he's afraid of losing his balance and falling down. He says, oh, that means you're just not feeling good. That's another factual procedural error that the district court ignored. All right. I think we have your argument. Your Honor, one more thing, please. The law of the case doctrine, it's the first time I'm raising it and I'm doing it here. He ignored the Ninth Circuit's first decision and the errors. He said he would not revise his first. Counsel, we are not going to listen to arguments that you're making up on the fly.  Thank you, Your Honor. I'm sorry. Thank you. Okay. Thank you. Counsel. Good morning, Your Honors. I'm Gerilyn Galseth for the Commissioner of Social Security. This court reviews the district court's denial of aegyphes under an abuse of discretion standard. And in the circumstances in this case, the district court did not abuse its discretion in denying aegyphes because it found the government was substantially justified. Plaintiff has failed to adequately. Before you get into the argument in depth, I'm curious in that regard because the district court seemed to focus on the litigation position of the government, except to the extent that I was quoting from the transcript where he did advert to the ALJ's error or mistake. Under our law, Gutierrez and Maroff and the other cases, I mean, the district court is supposed to assess the government's position, not just its litigation position, but also the rulings of the ALJ. Now, where in the ruling of the district court is there that kind of analysis? Well, I think first off, the district court pointed to it's on the two ancillary issues on which this court remanded, the merits issues. The district court was referring to its own order on those issues, as well as the lack of any discussion by this court that would indicate that the government, either at the ALJ level or the government's decision to defend the ALJ decision, was unreasonable. Well, let's stop there a minute. The mem dispo, by its very nature, is succinct, but the panel was fairly explicit that the ALJ failed in his duty to make further inquiry. In fact, they remanded primarily on that basis and then found two other errors, substantial evidence and another mistake. So why doesn't that constitute a finding, implicit finding, that the ALJ was not substantially justified in failing to do his duty, much as in Gutierrez where there was a failure of the ALJ to use the appropriate form in assessing a mental illness? Well, as we argued in our brief, even the ALJ's decision that the record at the time that the hearing decision was adequately developed was reasonable. I mean, this court found that he erred in failing to recontact the treating physicians, but does not mean per se that the government does not have a reasonable basis in law and in fact. As we argued in our brief, there were, and I think counsel admitted it at oral argument in the merits, on this before the Ninth Circuit, that there were over 100 pages of treatment notes from Dr. Janowian during the relevant period at issue that the appeals counsel, the level of administrative body above the ALJ that does the final review, had treatment notes from Dr. Levin. And the third treating physician that this court faulted the ALJ in not recontacting was Dr. Taubenfeld who had apparently left the state and the plaintiff had testified before the ALJ that he hadn't seen him in like over a year or close to two years. So it's our position that when you look at the ALJ's conduct at the time, when he made that decision, he had an adequate record on which to judge the plaintiff's disability. Is the plaintiff's testimony on Taubenfeld sufficient to alleviate any need to try to track down Taubenfeld's records? Well, I think it does for two reasons. One is that this plaintiff applied for SSI in July of 2005, and there was no indication that Dr. Taubenfeld treated the plaintiff during the relevant period, which was July 2005 to November 2006, the ALJ's decision. Dr. Taubenfeld treated him, I think, from sometime in 2003 to 2005. So that right there was a justification. And then also, even if it were error, you know, the ALJ's conduct, I mean, for this court and the district court is looking whether it was just, you know, reasonable under at the time, which it was. So but in terms of the recontacting, the district court, as I said, when you look at the ALJ's decision and what he did at the time, it was reasonable. He had two consultative examiners, 100 pages of treatment notes from the treating doctor, treatment notes that were submitted to the appeals council, which they expressly considered in their order after the ALJ's decision. Then at district court, plaintiff failed to raise the duty to recontact issue. In the Ninth Circuit, he raised it, but the commissioner was substantially justified in relying on Edlund and arguing that he had waived it. What about on the substantial justification issue? Is there, does the district court have a non-waivable duty such that regardless of any party's potential waiver or concession, the court still has certain steps it must go through and clearly document in deciding that a position was substantially justified or not? Well, in order to, and there was some discussion about procedural errors, when there has been a procedural error in the case, yes, the district court must, under the EJA and this court's precedent, determine whether the government's decision to defend those errors was substantially justified or was reasonable, and that's what the district court did here. And alternatively, we argued in our brief that the government was substantially justified at the time the ALJ was considering the record. Who gets the fees in this kind of dispute? Is that a matter between the counsel and client, or is there, my understanding is we, under our law, have said that the fees go to the client. Is that correct? That's correct. Under Ratliff v. Astru, the fees are awarded to the plaintiff. We do have a process whereby counsel, or the plaintiff, the client, and his counsel can work out an arrangement where the fees are later assigned to counsel. And the amount of the fees is still subject to determination by the district court. I notice in this case, for example, that the district court specifically said that counsel had a history of excessive billing, and he proposed that you and he get together and see if you can work out a $10,000 arrangement. Yes. Jerry, are you speaking about the telephone conference that the district court held? Yes. Yes. And so the district court seemed to think that the fees could be scaled back. The entitlement to fees does not mean that they get what they claim, does it? Correct. Correct. But that was the footnote, and the district court's order, of course, was an alternative. It was more of an aside. I was more trying to figure out how these things work because we rule on these fees and we don't see anything. In Ratliff, the Supreme Court ruled that the fees do belong to the prevailing party. We have worked out a situation with plaintiff's attorneys whereby if a plaintiff doesn't owe a federal government debt, that the plaintiff's assignment to the attorney can be honored, and then we will pay directly to the attorney. But it's understood that that's not a waiver of the government's position under Ratliff, which is that the fees belong to the prevailing party. And is it the case here that Mr. Gasparian actually on another proceeding has wound up getting benefits? That's correct. On a subsequent claim, he did receive benefits. I don't know what happened with respect to this remand on that period that this went back on. If the court is interested, I can find out that information for you. I'm troubled in this case. I'm only speaking for myself, and I just want to ask about a potential for mediation. The judge, the district court in this case, essentially said, can't you work it out? Is there anything that can be worked out to the extent these fees would be, that the claimant would get as the prevailing party could be negotiated out? Well, Your Honor, with all due respect, I mean, the district court gave counsel opportunity to... Well, gave counsel. I'm worried about the claimant in this case. Yes, I understand. And we did, as the district court recommended, we did engage in a settlement discussion, which was unsuccessful. Okay. All right. Thank you. No questions? All right. Case argued is submitted. Thank you. All right. You may have a minute. Thank you. In my reply brief, I listed nine errors. I would add one more error. The district court judge did not follow the rule of mandate or the rule of law or whatever. And secondly, had the administrative law judge looked at the earnings record of this man, he would have found that in the five or six years that he did work, he made $400 a year, a maximum of $5,500. He could not hold a full-time job. He had to settle for part-time work as a janitor, a security guard, and a messenger. Thank you. Are these fees that are at stake, are these fees that would go all to you, or would part of them would go to Mr. Gasparini? I didn't understand your question, sir. With the fees, this is an attorney fees case. Yes, sir. All right. Would the fees in this case go to you, or would they in whole or in part go to Mr. Gasparini? The fees go to the attorney. Unless the claimant has debts that he owes the Federal Government, the Federal Government will take that money. Okay. Thank you. Thank you. The case argued is submitted. All right. Excuse me. The next case on calendar will be Ravindra Patel v. Kishore Patel. Good morning. Please, the Court, Frank Weiser on behalf of the appellants Ravindra Patel and Yogi Krupa, Inc. On Thursday, I filed a FRAP 28-J letter, and I'm sure the Court is aware of that.
judges: Mueller, Noonan, Fisher